24-228-cv
Saul Klein v. Altara NK Investments, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty-five.

PRESENT: BARRINGTON D. PARKER,
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,
*Circuit Judges*.

------------------------------------------------------------------

EX PARTE APPLICATION OF SAUL KLEIN,

*Petitioner-Appellant*,

v.                                                          No. 24-228-cv

ALTARA RK INVESTMENTS LIMITED, ALTARA NK INVESTMENTS LIMITED, BAHIA VV NK LTD, BAHIA VV RK LTD,

*Movants-Appellee*s,

MICHAEL KLEIN,

*Interested Party-Appellee,*

EK-VV LIMITED; KIRELAND 83RD
STREET CHICAGO, LLC;
KIRELAND BELVIDERE STREET
WAUKEGAN, LLC; KIRELAND
COMMERCIAL AVE CHICAGO,
LLC; KIRELAND GENESIS DRIVE
NORTH AURORA, LLC;
KIRELAND KIRBY PLAZA
HOUSTON LLC; KIRELAND LLC;
KIRELAND MAINSTREET
FAIRFAX, LLC; KIRELAND NORTH
DEARBORN STREET CHICAGO,
LLC; KIRELAND PEACH TREE
ROAD ATLANTA, LLC; KIRELAND
SOUTH ELGIN ILLINOIS, LLC;
KIRELAND WESTHEIMER ROAD
HOUSTON, LLC; KIRELAND-B,
LLC; MIKEONE EK 801 WEST, LLC;
MIKEONE EK 809 WEST, LLC;
MIKEONE EK ATL OPS CENTER,
LLC; MIKEONE EK COLUMBIA SC,
LLC; MIKEONE EK LINDEN, LLC;
AND MIKEONE EK ROANOKE,
LLC, TWINS-CB LIMITED; HAIFA
INTERNATIONAL
CORPORATION; AND MIKEONE
M STREET HOLDINGS LLC.,

*Respondents-Intervenors-Appellees.*

------------------------------------------------------------------

| | |
|---|---|
| For Appellant: | Gabriela M.B. Scanlon, MB Scanlon PLLC, Washington, DC |
| For Movants-Appellees: | William B. Adams (Nicholas J. Caluda and Lucas Bento, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, Houston, TX and New York, NY |
| For Respondents-Intervenors-Appellees: | Kenneth R. David, Kasowitz Benson Torres LLP, New York, NY |
| For Interested Party-Appellee and Respondents-Intervenors-Appellees: | Steve I. Silverman, Alan J. Kluger, Michael J. Mariani, Kluger, Kaplan, Silverman, Katzen & Levine, P.L., Miami, FL |

Petitioner-Appellant, Saul Klein, appeals from an order of the United States District Court for the Southern District of New York (Engelmayer, *J.*) denying his application under 28 U.S.C. § 1782 for foreign discovery.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Members of the Klein family are involved in litigation in Brazil regarding alleged mismanagement of the estate of family patriarch Samuel Klein, a Brazilian domiciliary.  Saul Klein alleges that his brother, Michael Klein, as administrator and executor of their father's estate, deceived him as to the value of their father's offshore assets and thereby understated his rightful inheritance. In January 2015, Michael filed a probate proceeding in Brazilian court (the

3

"Probate Proceeding") to administer and distribute Samuel's estate. In March 2015, Samuel's heirs reached a resolution in the proceeding which included a plan to distribute the assets of the estate. The resolution was recorded in a memorandum of understanding ("MOU"), which included a forum-selection clause stating that the parties "elect the jurisdiction of the Judicial District of São Caetano do Sul, waiving any other, as privileged as it may be, to resolve any issues that may arise from" the MOU. App'x 193. However, in December 2015, before the probate court could ratify the MOU, another individual, Moacyr Agustinho Jr., filed a petition claiming that Samuel was his father, and that he was therefore entitled to share in the distribution of Samuel's estate. Moacyr's claims are still pending.

In June 2023, Saul filed a petition in the Southern District of New York pursuant to § 1782 seeking permission to issue subpoenas to twelve financial institutions to obtain records for use in the Probate Proceeding, and in not-yet-initiated civil and criminal litigation against Michael in Brazil.

In December 2023, the district court denied Saul's application on the ground that he failed to demonstrate that he was entitled to the foreign discovery he sought under factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542

4

U.S. 241 (2004). This appeal followed. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I.    *Intel* **Factors**

In *Intel*, the Supreme Court set out four discretionary factors that district courts should consider when determining whether to grant domestic discovery for use in foreign proceedings under 28 U.S.C. § 1782(a). *See* 542 U.S. 241 (2004). These factors are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the [] request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery request is "unduly intrusive or burdensome." *Id.* at 264–65.

Where, as here, the district court resolves an application for foreign discovery on the basis of the *Intel* factors, our review is limited to whether the

5

district court abused its discretion. *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 150 (2d Cir. 2022).

### a. *Factor One*

On factor one, Saul contends that the district court erred because it: (1) made the clearly erroneous finding that the real parties in interest are not the parties he seeks to subpoena, but Saul's litigation opponents in Brazil; and (2) made the clearly erroneous finding that the parties he seeks to subpoena do not have any independent records germane to the Brazilian litigation. We conclude that the district court did not abuse its discretion.

While Saul has subpoenaed only non-parties to the Probate Proceeding, the records Saul seeks are essentially bank records of Michael and his adversaries in that proceeding. We have cautioned that when discovery requests are submitted to non-parties pursuant to § 1782, the district court should consider whom the documents are actually being sought for use against. *See Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 85 (2d Cir. 2004) ("Although technically the respondent in the district court was Cravath, for all intents and purposes petitioners are seeking discovery from DT, their opponent

in the German litigation.  *Intel* suggests that because DT is a participant in the German litigation subject to German court jurisdiction, petitioner's need for § 1782 help 'is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.'" (quoting *Intel*, 542 U.S. at 264)).

In light of our precedents, the district court correctly determined that the documents sought would be in the possession of Saul's adversaries in the Brazilian litigation.  Accordingly, "because [Michael and others possessing records Saul seeks are] participant[s] in the [Brazilian] litigation subject to [Brazilian] court jurisdiction, petitioner's need for § 1782 help is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."  *Schmitz*, 376 F.3d at 85 (internal quotation marks and citation omitted).

Further, in the proceedings below, Saul did not dispute that the parties to the Probate Proceeding, to the extent that they are account holders for the bank records he seeks, have access to the records if ordered by the Brazilian court to produce them.  App'x 1367.  On this record, we conclude that the district court acted well within its discretion in determining that factor one weighed against granting Saul's § 1782 application.

7

**b.** *Factor Two*

Next, Saul claims that the district court erred in concluding that factor two was neutral because it disregarded his showing that he intends to use the evidence he gathers through his § 1782 application in the Probate Proceeding to prove that Michael intentionally concealed assets that should have been added to the estate and to Saul's inheritance. Saul's contention is unsupported by the record.

The district court specifically considered the uncontested fact that "the one outstanding issue before the Brazilian probate court concerns Moacyr's claim of Samuel's paternity" and determined that Saul's requested discovery would, at best, be "peripheral" to the issues before the probate court. App'x 1369. Saul does not argue that other outstanding issues remain before the probate court. Accordingly, we conclude that the district court did not abuse its discretion in determining that this factor is neutral.

**c.** *Factor Three*

Third, Saul contends that the district court misapplied controlling law in finding that the existence of a forum-selection clause in the MOU automatically causes the third factor to weigh against Saul.

8

The district court acknowledged that case law does not categorically hold that exclusive jurisdiction clauses foreclose all foreign discovery, and it further noted that the specific clause at issue here does not textually preclude use of provisions such as § 1782. Nevertheless, the court appropriately reasoned that because "[c]ourts in this District have determined that the petitioner's decision to enter into a forum-selection clause is a factor that can weigh against the granting of an application brought under section 1782," factor three weighed slightly against Saul. App'x 1370 (quoting *In re Alghanim*, No. 21 Misc. 167, 2022 WL 1423088, at *4 (S.D.N.Y. May 5, 2022) (collecting cases)). The court acted well within its discretion in reaching this conclusion.

### d. *Factor Four*

Finally, Saul contends that the district court erred in finding that he had failed to adequately connect the parties he seeks to subpoena to transactions or accounts involving Michael, his family members, and affiliated companies and, therefore, the court erroneously found that his § 1782 application was a "fishing expedition." We disagree.

First, Saul conceded below that he had no factual basis to seek documents from the targeted financial institutions in the first place. The district court noted

9

that "[a]t argument, when the Court probed Saul's counsel as to the basis for pursuing subpoenas against the 12 financial institutions, counsel—startlingly—was unable to identify a factual basis for seeking records from *any* of these entities." App'x 1372.

Moreover, the district court found that Saul's request was extremely broad. The record supports that conclusion. Saul seeks "all documents and communications from 12 financial institutions relating to 26 entities covering an almost 11-year period." App'x 1371–72 (alteration adopted) (internal quotation marks omitted). Courts within our Circuit have denied expansive requests similar to Saul's. *See In re MT BALTIC SOUL Produktentankschiff-Ahrtsgesellschaft mgH & Co. KG*, No. 15 MISC. 319 (LTS), 2015 WL 5824505, at *3 (S.D.N.Y. Oct. 6, 2015) (denying Petitioner's § 1782 request and concluding that "[t]he fourth factor weighs heavily against Petitioners" where they sought "discovery from 11 large, international banks as to seven different business entities"); *Optionality Consulting Pte. Ltd. v. Edge Tech. Grp. LLC*, No. 18-CV-5393 (ALC) (KHP), 2022 WL 1977746, at *4 (S.D.N.Y. Jun. 3, 2022) (describing subpoena for "all documents and communications related to a broad swath of documents for a

broad category of services for an unlimited time period" as "wildly overbroad" and "presumptively improper"). We see no abuse of discretion.

We have considered Saul's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11